COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


RONLYN LORAY BROWNE HICKS EATON

                                    MEMORANDUM OPINION*
v.    Record No. 0868-99-3              PER CURIAM
                                       JULY 20, 1999
DEPARTMENT OF SOCIAL SERVICES
 FOR THE COUNTY OF BEDFORD


            FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                  James W. Updike, Jr., Judge

         (James J. Angel, on brief), for appellant.

         (J. G. Overstreet, Bedford County Attorney,
         on brief), for appellee.


     Ronlyn Loray Browne Hicks Eaton (mother) appeals the decision

of the circuit court terminating her residual parental rights to

her twin daughters, Lilly C. Browne and Cheyene A. Browne.  Mother

contends on appeal that the trial court erred in finding that the

Department of Social Services (DSS) presented sufficient evidence

to terminate mother's parental rights.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

     "When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

paramount consideration of a trial court is the child's best interests."  Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

> "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests."  The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Id. (citations omitted).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).

The trial court found that DSS presented sufficient evidence under Code § 16.1-283(C)(2) to terminate mother's parental rights.  Under Code § 16.1-283(C)(2), the parental rights of a child placed in foster care may be terminated if the court finds by clear and convincing evidence that it is in the best interests of the child and that

> [t]he parent . . . , without good cause, [has] been unwilling or unable within a reasonable period not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care

- 2 -

placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

The twins were placed in foster care on February 6, 1997, by mother's parents, who had custody of the twins while mother was incarcerated. Upon mother's release on June 12, 1997, a visitation schedule was established.

Despite many offers of assistance by DSS, including substance abuse counseling and in-home services, mother failed to remedy the underlying problems that led to the children's foster care placement. Mother was required to complete a substance abuse evaluation, due to evidence that she was a drug abuser, but failed to undergo either the evaluation or counseling. Two different in-home service providers terminated service to mother due to her lack of cooperation. Moreover, during the period of October 1997 through May 1998, mother

- 3 -

indicated to DSS that she was prepared to sign a permanent entrustment of the twins to DSS to allow adoption.

The evidence also showed that at the time the twins were placed in foster care, they were developmentally delayed, behind in speech and language, and were failing to thrive. One of the twins had a high level of lead in her system. In visitations with mother, the observers repeatedly noted that there was a lack of emotional attachment between the children and mother. Although DSS recommended frequent visitation so that the twins could re-establish a bond with mother, mother's visitation with the twins was sporadic. The evidence at trial indicated that the twins were doing well in foster care and were no longer developmentally delayed.

At trial, mother testified that she was employed and had been drug-free for an extended period of time. Mother also testified that she supported the custody petition filed by her parents. The denial of that petition was not appealed.

Evidence in the record fully supports the findings of the trial court that DSS presented clear and convincing evidence sufficient under Code § 16.1-283(C)(2) to terminate mother's parental rights to the twins. The children were in foster care for more than two years, while mother refused to cooperate with the agencies seeking to assist her and demonstrated little desire to work towards the return of the twins. "It is clearly

not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.